# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE LYNN SZUTENBACH,<br><br>　　　　　　　　　Petitioner,<br><br>vs.<br><br>JAMES E. TILTON, Secretary,<br><br>　　　　　　　　　Respondent.[1] | Civil No. 05cv1117-BTM (JMA)<br><br>**ORDER:**<br><br>**(1) ADOPTING IN PART THE FINDINGS AND CONCLUSIONS OF UNITED STATES MAGISTRATE JUDGE;**<br><br>**(2) OVERRULING PETITIONER'S OBJECTIONS;**<br><br>**(3) DENYING PETITION FOR WRIT OF HABEAS CORPUS; AND**<br><br>**(4) DENYING A CERTIFICATE OF APPEALABILITY** |

Petitioner is a former California prisoner proceeding by and through counsel with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Petitioner was convicted of two counts of grand theft and two counts of fraudulent appropriation, and contends that the statute of limitations expired prior to two of the charges being filed (claim one), and that she received ineffective assistance of counsel because her retained appellate counsel failed to file a petition for review in the state supreme court (claim two). Presently before the Court is a Report and Recommendation ("R&R") submitted by United States Magistrate Judge Jan M.

---

[1] The Court sua sponte substitutes James E. Tilton, the Secretary of the California Department of Corrections and Rehabilitation, as Respondent in place of former Respondent, Guillermaina Hall, the Warden of the institution where Petitioner was formerly confined.

Adler, which recommends denying the Petition on the basis that claim one does not implicate federal constitutional concerns and is in any case without merit, and that Petitioner has abandoned claim two, which is also moot. (Doc. No. 31.) Petitioner has filed objections to the R&R, arguing that the Magistrate Judge's application of state law regarding claim one is incorrect, and that claim one presents a federal constitutional question. (Doc. No. 30.) Petitioner also indicates that her convictions and sentence are unlawful within the meaning of Blakely v. Washington, 542 U.S. 296 (2004) and Cunningham v. California, 549 U.S. __, 127 S.Ct. 856 (2007), claims which Petitioner admits are unexhausted.

The Court has reviewed the R&R pursuant to 28 U.S.C. § 636(b)(1), which provides that: "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). For the following reasons, the Court adopts in part the findings and conclusions of the Magistrate Judge as set forth in this Order and overrules Petitioner's objections, denies habeas relief, and denies a Certificate of Appealability.

## I.     Claim One

Petitioner contends in claim one that the four-year statute of limitations on counts one and two, charging her with grand theft and fraudulent appropriation of money belonging to her former employer Dr. Richard Richley, expired before any charges were filed against her. (Pet. at 5.) She alleges that a federal crime of mail theft which occurred on August 11, 1995, and which involved her stealing checks from the mailbox of Dr. Richley after her embezzlement had been discovered and her employment terminated, was wrongly used to extend the limitations period of her embezzlement crimes, because she was never indicted for the mail theft, and because it occurred after her employment with Dr. Richley had terminated. (Id.) Respondent contended in the Answer that this claim did not present a federal question, and argued that in any case state law was not violated by the use of the crime to extend the statute of limitations for the reasons given by the state appellate court in denying this claim, that sufficient evidence existed to support the jury's finding that Petitioner had acted pursuant to a general overall plan to steal

1 | money from Dr. Richley, satisfying the requirements of the "Bailey Doctrine" which requires
2 | that the act "was committed pursuant to a single criminal intention, impulse and plan." (Ans.
3 | at 8-10; People v. Szutenbach, No. D038012, 2003 WL 1904660, slip op. at *5-6 (Cal.Ct.App.
4 | April 21, 2003) (unpublished memorandum).)  Petitioner replied in her Traverse that state law
5 | was violated because the Bailey Doctrine was erroneously applied to permit a federal crime
6 | (mail theft) to continue a chain of state crimes, and argued that the onus is on Respondent to
7 | supply authority as to why this issue does not implicate federal constitutional concerns because
8 | she cannot prove a negative, contending that this case "presents the possibly de novo and
9 | virginal issue" of whether a federal constitutional right is implicated.  (Traverse at 8-12.)

10 | The Magistrate Judge found that claim one did not implicate federal constitutional law,
11 | but that it relied instead on an interpretation of state law only.  (R&R at 6-9.)  The Magistrate
12 | Judge also examined the merits of the claim under the applicable state law, and concluded that
13 | because the jury made a specific finding in a special verdict that Petitioner had acted pursuant
14 | to a general overall plan, the mail theft committed on August 11, 1995, was properly used to
15 | extend the statute of limitations.  (Id. at 9-11.)

16 | Petitioner first objects to the finding that state law was not violated, contending that the
17 | R&R failed to recognize that under the Bailey Doctrine the crimes must all be motivated by one
18 | intention, one general impulse, and one plan.  (Obj. at 2.)  Petitioner contends that all three
19 | requirements were not met here because the mail theft involved a totally different intention, a
20 | totally different impulse, and a totally different plan than the embezzlement charges.  (Id.)  The
21 | Court overrules this objection.  The Court adopts the finding by the Magistrate Judge that state
22 | law was not violated.  (R&R at 9-11.)

23 | Petitioner next objects to the finding that claim one does not present a federal question.
24 | As the Magistrate Judge correctly found, federal habeas relief is not available for an alleged
25 | error in the interpretation or application of state law.  Estelle v. McGuire, 502 U.S. 62, 67-68
26 | (1991).  The Court adopts the finding by the Magistrate Judge that federal habeas relief is
27 | unavailable for state law claims, as well as the finding that claim one as presented in the Petition
28 | and argued in the Traverse does not present a federal question.

Petitioner argues in her Objections, for the first time in this action, that the failure of the jury to find all three Bailey Doctrine requirements violated her federal Constitutional rights within the meaning of In re Winship, 397 U.S. 358, 364 (1970) (holding that the Due Process Clause of the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."), and Sullivan v. Louisiana, 508 U.S. 275, 279-81 (1993) (holding that failure to require the jury to find every element of the offense beyond a reasonable doubt is structural error). (Obj. at 11.) Because the Court has found there was no Bailey Doctrine error for the reasons set forth in the R&R, Petitioner's federal Constitutional rights were not violated under Winship or Sullivan.

Petitioner also indicates in her objections that Blakely and Cunningham prevent her from being convicted and sentenced on charges that were filed outside the statute of limitations, absent a special (and correct) finding by the jury as to each of the three Bailey Doctrine requirements. (Obj. at 4-5.) Counsel for Petitioner contends that the Blakely and Cunningham claims were not raised here or in the state courts because those decisions were not available during Petitioner's trial and sentencing in 2000-2001, and because counsel "was spending all of its time warding off" Respondent's challenge that the federal Petition was untimely. (Obj. at 5.) Counsel for Petitioner acknowledges that these claims may require a return to state court to exhaust state court remedies, and that it may be appropriate to hold the Petition in abeyance pending exhaustion of state remedies. (Id. at 5, 7.)

Petitioner's claim that her rights under Blakely and Cunningham were violated is based on the same allegation as claim one, that the jury failed to make the findings required by the Bailey Doctrine. (Obj. at 6.) However, it was clearly established at the time Petitioners' conviction became final that the Fourteenth Amendment right to due process and the Sixth Amendment right to trial by jury incorporated therein, required that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). In Blakely the Court merely defined the term "statutory

maximum" as used in Apprendi to mean "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely, 542 U.S. at 303. In Cunningham the Court held that California's sentencing scheme violates the "bright line rule" of Apprendi to the extent it permits a judge to impose upper term sentences based on facts not found by a jury beyond a reasonable doubt or admitted to by a defendant. Cunningham, 127 S.Ct. at 868.

As set forth above, the Court has found that the jury made sufficient factual findings beyond a reasonable doubt to permit the use of the mail theft charge to extend the statute of limitations. Thus, neither Blakely nor Cunningham apply to Petitioner's claim that the jury did not make the findings required by the Bailey Doctrine, anymore than Apprendi applies to that claim. In other words, the facts necessary to support her conviction (and thus her sentence) were found by the jury beyond a reasonable doubt, and Petitioner's Apprendi claim, to the extent such a claim has been presented here, is without merit for the same reasons as her Winship claim. Petitioner's putative claims under Blakely and Cunningham are not even colorable since they do not rely on an extension of Apprendi, and habeas relief is denied as to these claims on that basis. See Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005) (holding that a court may deny an unexhausted claim on the merits when it is clear that it is not a colorable federal claim), cert. denied, 126 S.Ct. 1336 (2006).[2]

**II.   Claim Two**

Petitioner contends in claim two that she received ineffective assistance of counsel because she retained an appellate attorney who failed to file a petition for review in the California Supreme Court. (Pet. at 5.) Respondent argued that this claim is moot because Petitioner eventually retained counsel who presented claim one to the state supreme court in a habeas petition. (Ans. at 11.) Counsel for Petitioner replied that he had done the best he could

---

[2] Although Petitioner was sentenced to an upper term based on the trial judge's finding that the aggravating factors outweighed the mitigating factors, see People v. Szutenbach, 2003 WL 1904660, slip op. at *10, Petitioner does not argue that Cunningham or Blakely were violated in this regard, merely that the failure of the jury to correctly find all three Bailey Doctrine factors violated Blakely and Cunningham. (Obj. at 6.)

in filing a last-minute habeas petition in the state supreme court without access to the complete record, and the state habeas petition should not be considered to fully replace a petition for review. (Traverse at 5.) The Magistrate Judge found that claim two had been abandoned due to Petitioner's failure to address Respondent's argument, and, alternately, that the claim was moot. (R&R at 12.)

It is unclear whether Petitioner's reference to her right to counsel on appeal in the Objections is intended to be an objection to the findings of the Magistrate Judge. (Obj. at 6.) However, the Court does not adopt the findings in the R&R as to this claim. Rather, because Petitioner has not identified any claims which were abandoned due to the failure to file a petition for review, claim two is denied on the basis that Petitioner has failed to demonstrate prejudice as a result of counsel's failure to file a petition for review. See Strickland v. Washington, 466 U.S. 668, 694 (1984) (requiring a defendant to *demonstrate* that she was prejudiced as a result of counsel's deficient performance).

## III. Conclusion and Order

The Court **ADOPTS** in part the findings and conclusions of the Magistrate Judge as set forth in this Order and **OVERRULES** Petitioner's objections. The Court **DENIES** the Petition for writ of habeas corpus. The Court **DENIES** a Certificate of Appealability as to each claim presented in the Petition. See Lambright v. Stewart, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (providing that threshold "substantial showing of the denial of a constitutional right," is met by demonstrating that: (1) the issues are debatable among jurists of reason; or (2) that a court could resolve the issues in a different manner; or (3) that the questions are adequate to deserve encouragement to proceed further).

The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: June 14, 2007

Hon. Barry Ted Moskowitz
United States District Judge